Catron, Ch. J.
This cause, by consent of the petitioners and N. W. Williams, who caused himself to be made defendant, was transferred for trial from the Smith circuit court to the Wilson circuit court. The latter had no jurisdiction of the subject matter of establishing a public road in Smith county, unless conferred upon it by the transfer of the cause.
The acts of 1809, ch. 49, 1811, ch. 72, and 1815,. ch. 166, authorizing a change of venue in civil causes, have no application to a proceeding where .no issue of *580 fact for the trial of a jury is presented. The sole object of tlie whole legislation on the subject, was to obtain an impartial jury.
Previous to 1819, the circuit judges interchanged ridings, and no case could be expected to arise in which a competent court would be wanting. .When they were located by the act of 1819, ch. 24, provision was made for causes, to determine which the presiding judge was incompetent. Were it allowed to transfer causes by consent of parties, a confusion in the administration of justice would arise to an extent not readily foreseen. It was the duty of Judge Williams to have notified a judge of an adjoining circuit to interchange with him, and not assent that the cause be sent to the judge. The circuit court of Wilson, not having had jurisdiction of the cause by any statute, consent could not give it. The judgment of affirmance there rendered is coram non judice, and will be set aside at the cost of the defendants in error. For costs of the Wilson circuit court there is no provision: the act of 1832, ch. 5, has no application to this cause.
Peck, J. Had the circuit court of Wilson county jurisdiction to hear and determine this cause? By the act of 1809, ch. 49, sec. .7, the judge shall reside in his circuit, and hold the courts by law established; and by section four, shall within their respective circuits have cognizance and original jurisdiction of all pleas, &c. The act of 1822, ch. 10, provides for an interchange of circuits by the circuit judges, either in the whole of the circuit or in part.
The act of 1822, ch. 2, sec. 2, permits the change between circuit judges to a single cause, with power to make all necessary changes amongst themselves to promote a speedy trial of suits.
The several acts allowing change of venue, were made to apply to causes to be tried by a jury. Acts of 1809, ch. *581 4, sec. 17: 1811, ch. 27, sec. 17: 1815, ch. 166, sec. 8: 1819, ch. 43: 1825, ch. 78: 1825, ch. 82:1825, ch. 68: 1827, ch. 30.
This was not a jury trial; the law provided for the speedy hearing of it by interchange with another circuit judge. The transmission of the case from Smith county was not authorized, so far as we can discern, by any legislative provision. Such unauthorized order of transmission gave the circuit court of Wilson county no jurisdiction to hear and determine this case.
The judgment must be reversed, and the circuit court of Smith notified of the fact.
GREEN and Whyte, J. concurred.
Judgment reversed.
After the cause was decided, a question arose and was argued, as to who should pay the costs of the writ of error; upon which the Chief Justice delivered the following opinion of the court:
Williams brought up the proceeding from the county to the circuit court by certiorari, and caused it to be transferred from Smith to Wilson circuit court; there the matter was adjudged against him, and he now brings the case to this court, and his counsel ask to reverse the judgment of the Wilson circuit court, for the reason, among others, that the court of Wilson had no jurisdiction conferred on it by the transfer. So this court adjudged yesterday; but the difficulty is, who is to be taxed with the costs of the appeal in error to this court? The petitioner, Allen, has acted as a mere citizen of the community, in asking to have a public road established, and is no party to the proceeding; were we io make him liable, the same rule would apply to every petitioner for a public road.
There being no person against whom Williams can *582 recover costs, it follows he must pay them himself. Such case, not being governed by any act of assembly, the court must exercise its discretion in ordering costs to be paid. Mar. and Yerg. Rep. 178.